UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIS LEE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>L. FUGA, et al.,<br><br>　　　　　　　Defendants. | Case No.: 3:19-cv-125-AJB-MDD<br><br>**REPORT AND RECOMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>**[ECF No. 15]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendant K. Rodriguez's Motion for Summary Judgment be **GRANTED**.

1

# I. PROCEDURAL HISTORY

Perris Lee ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil complaint filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 3). On January 16, 2019, Plaintiff filed a Complaint against nine correctional officers and one prison psychiatrist generally claiming they violated his civil rights by using excessive force and failing to protect him during an emergency cell extraction. (ECF No. 1 at 1-4).[1]

On June 17, 2019, Defendant K. Rodriguez, a prison psychiatrist, filed this Motion for Summary Judgment. (ECF No. 15). Defendant argues she is entitled to summary judgment because Plaintiff failed to file any grievance against her and therefore is barred from filing this suit because he did not exhaust his available administrative remedies. (*Id.*).

On June 18, 2019, the Court issued a Klingele/Rand Notice advising Plaintiff of Defendant's Motion for Summary Judgment. (ECF No. 17). The notice explained the consequences of failing to oppose the motion. On July 8, 2019, Plaintiff filed his "Response in Opposition re Motion for Summary Judgment." (ECF No. 20). Upon review of Plaintiff's submission, the Court determined the filing did not address the summary judgment motion, but instead addressed the Answer filed by all Defendants. (*See* ECF Nos. 16, 20).

In light of the consequences of failing to oppose summary judgment, the Court provided Plaintiff with a second notice further explaining that Defendant filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 21). The Court granted Plaintiff additional time to oppose. Plaintiff's opposition was due on August 2, 2019.

---

[1] All pincite page references refer to the automatically generated ECF page number, not the page number in the original document.

(*Id.*). On August 1, 2019, Plaintiff filed a motion to appoint counsel which the Court denied on August 2, 2019. (ECF Nos. 23, 24). As of the date of this Report and Recommendation, Plaintiff has not filed an opposition to the summary judgment motion.

## II. STATEMENT OF FACTS

The following facts relate to the claims against Defendant K. Rodriguez only and are taken from Plaintiff's Complaint. They are not to be construed as findings of fact by the Court.

In September 2017, Plaintiff was an inmate incarcerated at R.J. Donovan Correctional Facility. (ECF No. 1 at 1). At approximately 11:30 PM on September 18, 2017, Defendant Correctional Officer Fuga arrived at Plaintiff's cell and allegedly told him, "I don't like snitches, watch later." (*Id.* at 5). Four hours later, Defendant Sgt. Kohler informed Plaintiff he was going to be transferred or he'll "beat [his] bitch ass." (*Id.*). Plaintiff then informed Defendant Kohler he was scheduled for Institutional Classification Committee. (*Id.*). Kohler told Plaintiff, "no your [sic] not going." (*Id.*). Kohler left and later returned to Plaintiff's cell with Lt. Rojas who told Plaintiff if he did not "cuff up" they were going to "demolish [him.]" (*Id.*).

Plaintiff alleges Defendant K. Rodriguez, a prison psychologist, arrived at his cell at some point and told him to "stop bitching." (*Id.* at 7). After Plaintiff informed her he would be filing a grievance against her, she allegedly lied to the custody officers saying Plaintiff had a razor and cut his arm. (*Id.*). Defendant Rodriguez then allegedly told Plaintiff "good luck when they kill you." (*Id.* at 5). Plaintiff claims that Defendant Rodriguez's lie led to his emergency extraction involving officers Ramirez, E. Rodriguez, D. Madera, J. Juarez, R. Calvert, R. Escamilla, M. Patricio, L. Fuga, J.

3

Sierra, Reed, and E. Ortegama. (*Id.*). Plaintiff alleges Defendant Fuga battered him during the extraction, leaving him with a black eye and other injuries. (*Id.*).

### III. LEGAL STANDARD

**A. Legal Standard for Summary Judgment**

Summary judgment is generally proper if the movant shows there is no genuine dispute as to any material fact and she is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56(c) authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Rule 56(c)(3); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

When Defendant seeks summary judgment based on Plaintiff's failure to exhaust administrative remedies specifically, she must first prove that there was an available administrative remedy and that Plaintiff did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If she does, the burden of production then shifts to Plaintiff "to show that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Only "[i]f the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, [is] a defendant entitled to summary judgment under Rule 56." *Id.* at 1166.

A district court may not grant a motion for summary judgment solely because the nonmoving party failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n. 4 (9th Cir. 1994). However, a court may "grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact[.]" *Williams v. Santa Cruz Cnty. Sheriff's Dep't*, 234 Fed.Appx. 522, 523 (9th Cir. 2007) (*citing Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)); *see Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001).

### B. Legal Standard for Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2014); *see also Booth v. Churner*, 532 U.S. 731, 736 (2001); *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The applicable procedural rules are defined not by the PLRA, but by the prison grievance process itself. *Jones v. Bock*, 549 U.S> 199, 218 (2007).

### C. CDCR's Exhaustion Requirements

The California Department of Corrections and Rehabilitation ("CDCR")'s administrative appeal system for inmates is described in Title 15 of the California Code of Regulations. Inmates must commence appeals by submitting a CDCR Form 602 to the facility's appeals coordinator describing

5

"the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a), (c). Among other requirements, the appeal must "list all staff member(s) involved and shall describe their involvement in the issue." *Id.* at § 3084.2(a)(3). If the inmate does not have identifying information about the staff members, he "shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. *Id.* Administrative remedies are not considered exhausted relative to any new person that was not included in the originally submitted CDCR Form 602 and addressed through all three required levels of review. *Id.* at § 3084.1(b).

## IV. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

#### 1. Parties' Contentions

Defendant Rodriguez seeks summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies as to her specifically. Plaintiff did successfully file a grievance relating to his September 18, 2017 cell extraction, but that grievance did not mention Defendant K. Rodriguez by name. Neither did the grievance mention the factual allegations underlying Plaintiff's claims against Defendant K. Rodriguez, i.e., she lied to the custody officers about Plaintiff having a razor and cutting himself which led to the cell extraction and subsequent battery. Defendants concede that Plaintiff exhausted his administrative remedies relating to the incident as to the other defendants. Plaintiff did not file an opposition.

#### 2. Analysis

With her motion, Defendant attached declarations from L. Garnica, a litigation coordinator at RJD, S. Gates, Chief of the Health Care

6

19-cv-00125-AJB-MDD

Correspondence and Appeal Branch, and T. Ramos, CDCR Acting chief of the Office of Appeals. The declarations generally outline all appeals filed by Plaintiff from September 2017 to the present. Plaintiff filed three appeals and various health care appeals.

### a. Appeal Log No. RJD-X-17-5629

Plaintiff's first appeal related to the cell extraction and included the excessive force allegations against Defendants Fuga, Kohler and "other officers." The appeal did not include allegations against Defendant Rodriguez or allege that any person said Plaintiff cut his arm. This appeal was exhausted to the third level. (Decl. of L. Garnica, Ex. B. at ¶7-10).

### b. Appeal Log No. RJD-18-00631

The second appeal related to Plaintiff's conviction for a rules violation for battery on staff during the cell extraction. Again, the appeal did not mention Defendant Rodriguez or allege that any person said Plaintiff cut his arm. This appeal was exhausted to the third level and a rehearing was ordered. (Decl. of L. Garnica, Ex. B. at ¶29).

### c. Appeal Log No. RJD-18-05863

The third appeal related to the rehearing of the rules violation conviction that was granted in Plaintiff's previous appeal. Again, no mention was made of the Defendant Rodriguez and a second rehearing was ordered. (Decl. of L. Garnica, Ex. B. at ¶47-48).

### d. Health Care Appeals

Plaintiff also filed "numerous health care appeals" but S. Gates declared that none involved Defendant Rodriguez or include allegations relating to Plaintiff falsely being accused of cutting his arm. (Decl. of S. Gates, Ex. A. at ¶8).

Defendant's motion establishes that the prison has no record of Plaintiff submitting any grievances specifically naming Defendant Rodriguez. By showing Plaintiff filed and successfully exhausted grievances relating to the same incident as to other Defendants, Defendant Rodriguez has established that administrative remedies were available to Plaintiff which he chose not to pursue. As Defendant has met her burden to show Plaintiff had available remedies, the burden now shifts to Plaintiff.

Plaintiff did not file an opposition to Defendant's motion for summary judgment. Plaintiff has failed to meet his burden of production. Because the Court may not grant summary judgment solely on the basis of a party's failure to oppose, the Court reviewed all records provided by Plaintiff in his Complaint and other filings to determine if a genuine issue of material fact exists.

The Court agrees that Plaintiff did not name Defendant Rodriguez in any grievance and concludes that Plaintiff did not provide CDCR with any information to identify her. Under CDCR's regulations and policies, Plaintiff's administrative remedies would not be considered exhausted as to her. *See* Cal. Code Regs., tit. 15, §§ 3084.2(a)(3) and 3084.1(b).

The Ninth Circuit has held, however, that PLRA exhaustion does not necessarily require a prisoner who submits a grievance to name all of the prison officials ultimately named as defendants in relation to that wrong. *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016). A grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought" and if prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed. *Id.* at 658-59 (*quoting Sapp v. Kimbrell*, 623 F.3d 813, 824

1  (9th Cir. 2010)); *see also Jones v. Bock*, 549 U.S. 199, 219 (2007) (The
2  grievance process is only required to "alert prison officials to a problem, not to
3  provide personal notice to a particular official that may be sued"). An
4  administrative grievance which both fails to name a defendant and fails to
5  allege "the conduct of which [the plaintiff] now accuses" that defendant is
6  insufficient to satisfy the PLRA exhaustion requirement. *See Singleton v.*
7  *Kernan*, 16-CV-02462-BAS-NLS, 2018 WL 495321, at *5 (S.D. Cal. Jan. 22,
8  2018).

9  Here, Plaintiff's grievance adequately alerted prison officials to the
10 nature of the alleged wrong—that prison officials allegedly used excessive
11 force to extract Plaintiff from his cell. Plaintiff fails, however, to allege "the
12 conduct of which [he] now accuses" Defendant Rodriguez. *See id.* The Court
13 note that CDCR was aware that Defendant Rodriguez was present during the
14 incident because she prepared a crime/incident report (CDCR Form 837)
15 explaining that she informed other officers present that Plaintiff appeared to
16 be hurting himself. (ECF No. 1 at 37). Defendant Rodriguez's report states
17 that after informing Officer Kohler, she moved away down the hall. (*Id.*).

18 Although CDCR was aware that Defendant K. Rodriguez was present at
19 the incident, nothing in Plaintiff's grievances suggests that he had any
20 complaint as to her role in the cell extraction. Plaintiff's grievances clearly
21 state he was forcibly extracted from his cell for refusing to transfer prisons.
22 (ECF No. 1 at 15). Plaintiff does not allege the extraction was a result of
23 Defendant Rodriguez alerting others that he was cutting himself. There is
24 nothing in the record that should have put CDCR on notice of the need to
25 investigate Defendant Rodriguez's role, if any, in Plaintiff's cell extraction.
26
27

9

Accordingly, viewing all of the available evidence in the light most favorable to Plaintiff, the Court concludes Defendant Rodriguez met her burden to show that an available administrative remedy existed, and Plaintiff did not exhaust that remedy as to the claims against her. *Albino*, 747 F.3d at 1172.

### VI. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; and (2) **GRANTING** Defendant K. Rodriguez's Motion for Summary Judgment.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **September 13, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **September 20, 2019**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: August 28, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge